UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON V. HILL,

    Plaintiff,

v.

C. MARTINEZ, et al.,

    Defendants.

Case No. 21-cv-05557-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

On January 5, 2022, the Court issued an Order Dismissing Complaint with Leave to Amend; and Instructions to Clerk. Specifically, the Court granted plaintiff twenty-eight days from the date of the Order to file an amended complaint to allege facts sufficient to state a cognizable constitutional claim. Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of this action for failure to prosecute. The time for plaintiff to file his amended complaint has passed, and no amended complaint has been filed.[1]

Taking into account the salient factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure

---

[1] Plaintiff has a filed a document entitled, "Motion to Adhere for Reconsideration," in which he states that he has been retaliated against because his filing fees were "vacated." Dkt. 11 at 1-2. Such allegations fail to amount to a cognizable claim because, as the Court mentioned in its January 5, 2022 Order: "Without allegations of protected conduct and knowledge of such conduct by defendants, no claim for retaliation is stated." *See* Dkt. 10 at 5. Also, the Court finds that plaintiff misunderstands the nature of being granted leave to proceed *in forma pauperis* ("IFP"). The statute says that being granted IFP status waives *prepayment* of the filing fee. 28 U.S.C. § 1915(a)(1). It does not *forgive* the fee. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). Plaintiff has also failed to provide proof that his filing fees were waived as part of a settlement agreement, and instead he has provided a letter from Deputy Attorney General Lucia Q. Li indicating that no such fees were waived as part of that settlement agreement. *See* Dkt. 13 at 1-2. In any event, none of plaintiff's filings amount to a filing which could be considered to be an amended complaint with a cognizable federal claim. *See* Dkts. 11, 12, 13.

41(b). ² *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend complaint after receiving leave to do so, where the interest in expeditious resolution of litigation, the court's management of its docket, and avoiding prejudice to defendants favored dismissal). Accordingly,

IT IS HEREBY ORDERED that the complaint in the above-captioned action is DISMISSED. The Clerk of the Court shall terminate all pending motions as moot, including his "Motion to Adhere for Reconsideration" (Dkt. 11), and close the file.

This Order terminates Docket No. 11.

IT IS SO ORDERED.

Dated: February 10, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

---

² If and when plaintiff is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F. 3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).